UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**WILLIAM K. BROWNING**                                                                              **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 1:07CV-P4-R**

**EDMONSON CO. CIRCUIT COURT**
**HONORABLE JUDGE RONNIE DORTCH**                                                   **DEFENDANTS**

## OPINION

Plaintiff William K. Browning initiated this action by filing a typewritten document styled "NOTICE/MOTION." Therein, he reports that he previously made a request to the Edmonson Circuit Court in May 2006 for a copy of his criminal file but received a letter from the Chief Deputy Clerk advising him to file a motion with the court or to pay ".25 cents a page, 15.00 per video tape plus postage." He then filed a motion with the court but has yet to receive a response from Judge Dortch. According to Plaintiff, statements were made in his criminal action that lead him to believe that his "civil rights were abused, but with out this file [he] can not go forward." He thus asks this Court to order the Edmonson Circuit Court to copy the entire file of his state criminal case, #04 CR 0001, "including the sentencing portion, and any and all notes that was used in any decision that was made."

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Here, Plaintiff fails to identify this Court's subject matter jurisdiction. Although Plaintiff does not style his action as such, in asking this Court to compel a state court to copy his criminal file and/or to compel a state court judge to rule on a motion, Plaintiff is actually seeking mandamus relief, and the Court construes the action as requesting such relief.

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Plaintiff, however, does not ask this Court to compel any officer, employee, or agency of the *United States* to perform any duty owed him. Rather, he asks the Court to compel a *state* court and judge to act, and "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970). Consequently, the request for mandamus relief will be denied and the action dismissed by separate order.

The Court notes, however, that while his request for mandamus relief is not appropriate in this federal venue, Plaintiff has failed to demonstrate that there is no other adequate state remedy, such as filing a petition for writ of mandamus in the Kentucky Court of Appeals asking that court to issue an order directing Judge Dortch to rule on the pending motion for a copy of his criminal file. It is further unclear whether, in claiming that his "civil rights were abused," Plaintiff would like to file some type of civil rights action in this Court. Should Plaintiff wish to file such an action, he must use a court-supplied form. **The Clerk of Court is therefore directed to send Plaintiff a general complaint form as well as the forms used for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and for filing a civil rights action pursuant to 42 U.S.C. § 1983 action.**

Date:


cc:     Plaintiff, *pro se*
        Attorney General, Commonwealth of Kentucky
4413.005